**Michael Frank LALLA, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55733.**

Supreme Court of Missouri,
Division No. 2.

Feb. 8, 1971.

Motion to Reconsider or Transfer to Court
En Banc Denied March 8, 1971.

Legal Aid and Defender Society of Greater Kansas City, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HENRY I. EAGER, Special Commissioner.

This is an appeal from the denial of a motion under our Criminal Rule 27.26, V.A.M.R. to vacate a judgment. The appellant is represented by appointed counsel. The record is not clear on some matters preceding the filing of the motion, and we are left to assume certain facts. The intent of the motion is to vacate a judgment and sentence of six years for burglary, rendered on September 11, 1968, in the Circuit Court of Jackson County, Missouri. Defendant was represented at that trial by counsel of his own selection. The present motion was filed on April 15, 1970. On May 6, 1970, the Circuit Court denied the motion without an evidentiary hearing, but after appointing counsel to represent the appellant and after having conferred with him concerning the motion. The motion was not denied generally but solely on the ground that the appellant was not "in custody in Missouri under the sentence sought to be vacated" but was incarcerated in a United States penitentiary elsewhere, and that the Court was "without jurisdiction" to entertain the motion. Appointed counsel duly appealed. We were told in argument that the defendant (as we shall now designate him) was originally in federal custody in St. Louis, was released to Missouri for trial, was convicted and sentenced as already indicated, and was then returned to federal custody where he was convicted

and has since been confined in federal institutions. The record does not designate the federal offense or the length of that sentence or sentences. He was initially confined in a federal institution in the State of Washington, but is now in one at Terre Haute, Indiana.

The present motion, stated briefly, alleges: ineffective assistance of counsel and conflict of interest on the part of trial counsel in that the latter failed to subpoena as a witness a codefendant who was willing to appear and testify; that counsel did so because admittedly he also represented the other defendant, which fact he did not disclose to the court until after the trial; that defendant announced his intention to appeal, that the Court permitted trial counsel to withdraw stating that it would appoint other counsel, but that it did not do so until too late for an effective appeal, even under our rules for late appeals; and that defendant was thus denied an appeal because he was then unable to employ other counsel. Other matters concerning evidence and arguments were also alleged. We may say here that on these allegations defendant would ordinarily be entitled to an evidentiary hearing under our Rule 27.-26, if he was in compliance with its provisions generally. There is no need to discuss the various cases cited by defendant on that subject. See Rule 27.26(e) and (i).

The principal point made by defendant is that the Court erred in overruling his motion without an evidentiary hearing; a further point is that the denial of the motion, after demand for a review, was and is a denial of due process. These may be considered as one general point. The state merely refutes these points by asserting (as did the trial court) that the defendant was not a "prisoner in custody under sentence," within the meaning of our Rule 27.-26. No authority has been cited on either side which is directly in point. Defendant's counsel stated very frankly in oral argument that this is a "policy decision" for our court, i.e. (we suppose) a matter

of construction of Rule 27.26; however, he improperly stated that the trial court had denied defendant's motion on all grounds, thus making the order res adjudicata. We do not so construe the order. The Court was not without jurisdiction as it stated, but by its order simply declined to hear the merits of the motion at that time. This did not rule the merits.

With further reference to defendant's motion, and before discussing the authorities, we note that it is not alleged that the State of Missouri has filed a detainer, or how, if at all, any such supposed detainer has affected the present nature or status of defendant's custody (a matter considered material in the cases). Defendant's counsel stated orally that there was "presumably" a detainer, and he rather vaguely sought to explain how this would also (presumably) affect defendant's present custody. In order to reach the ultimate issue here we will assume that a detainer was filed, but we will not assume, without allegation or proof, how, if at all, it may affect defendant's custody.

■ Missouri has not denied defendant a *post-conviction* remedy; it has merely said that, not having him within its custody, a hearing on the matter will be postponed until he is available (and in custody) in Missouri. Defendant's counsel says that the federal cases, by analogy, indicate that Missouri should bring defendant back now for an immediate hearing. We shall discuss the principal cases cited. We note again that such a hearing would *not* constitute a criminal trial, but a proceeding which is specifically designated in our rule as an "independent civil action." (Rule 27.26(a) )

The federal cases do seem to hold that a state which has by complaint, information, indictment, or the mere issuance of a warrant, instituted a criminal proceeding against one in custody elsewhere, should at least make a good faith effort to bring him back for a *"speedy trial."* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607

(delay of six years); Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (mistrial and nolle pros); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (conviction reversed for delay of over seven years before trial); Pitts v. North Carolina (CA 4), 395 F.2d 182 (delay of 15 years). It has also been held that one in custody may attack the validity of an unserved consecutive state sentence by federal habeas corpus (Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426) on constitutional grounds. We see no close analogy in this. That defendant was actually in the custody of the state in question for the period of both sentences. Defendant cites the case of Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578, as holding that "Almost certainly, if a detainer has been lodged against him by Missouri authorities, his conditions of confinement, opportunity for federal parole and state of mind are being affected" (quotation from brief); so, counsel argues, defendant here is in the "constructive custody" of Missouri. That case originated as a federal habeas corpus proceeding attacking the validity of a North Carolina judgment upon which a detainer had been filed in California where the defendant was confined. The opinion does not, as we read it, require a holding in our case that the defendant is "in custody" within the meaning of our rule. It does hold: that federal habeas corpus could be maintained after the defendant had exhausted his California remedies and had shown in such proceedings that the detainer had affected the status of his custody; also that California might give whatever effect it chose to the detainer. The only holding of the case which is material here is that a detainer *may* be considered as the basis for a post-conviction remedy *if* it is shown to affect adversely the status of the defendant's present custody. In Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329, it was held that a federal district court in California had jurisdiction to issue a writ of habeas corpus ad prosequendum to state authorities in New York. See also Des-

mond v. United States Board of Parole (CA 1), 397 F.2d 386, holding generally that one confined in a state prison (apparently in the same district) was in "custody" within the meaning of Title 28 U.S.C., § 2255, when a federal detainer had been filed. Counsel for defendant stated in oral argument that the defendant would (or does) have a remedy in federal habeas corpus. We also note that if such petition were filed in Indiana the District Court could presumably transfer the proceedings to Missouri, if it chose to do so.

The case of Word v. North Carolina (CA 4), 406 F.2d 352, is cited to the effect that by delaying the hearing the defendant would have served a substantial part of his sentence before he could obtain a hearing on his claims. That, essentially, begs the question in our case. That may well be true, and even so, we are not given any details of the federal sentence. The Word case arose on federal habeas corpus, which was held to be a permissible procedure. The defendants were in custody in Virginia with North Carolina detainers filed. One defendant there was told to exhaust his North Carolina remedies. The Court further said that, although the tendency of the states was to expand their respective post-conviction procedures to match the federal act, they were not required to do so. In general, the Missouri procedure does so conform. See Garton v. Swenson (DC Mo.), 266 F.Supp. 726. The Word case may be considered as holding that, for the purpose of *federal* habeas corpus, the defendants might be considered as in the custody of North Carolina.

It must be conceded that the return of this defendant to Missouri upon any writ issued by Missouri courts would be purely discretionary with the United States Attorney General. Little v. Swenson (DC Mo.), 282 F.Supp. 333 and cases cited; Title 18 U.S.C., § 4085; and the request for any such return is required to come from the Governor or "the executive authority" of the state, not from the courts. Sections 491.400–491.450 RSMo 1969, V.A.M.S., pre-

scribing (where available) the process required to procure the transfer of a witness to Missouri are not applicable; they apply only to a "criminal prosecution" or a grand jury investigation.

A Court of Arizona denied a petition for a writ of habeas corpus ad prosequendum filed by a prisoner in federal custody outside the state. This ruling was affirmed by the Arizona Supreme Court. Arizona had filed a detainer, the defendant demanded a speedy trial. No trial had been had and no judgment rendered in Arizona. State v. Heisler, 95 Ariz. 353, 390 P.2d 846. The Court noted: that the transfer of defendant would be discretionary, and that the Court could issue no writ legally effective outside of Arizona; further, that any delay would be for good cause, and that the defendant might raise his constitutional question when he came to trial in Arizona. See also Palmer et al. v. State, 99 Ariz. 93, 407 P.2d 64.

In Bistram v. People of the State of Minnesota (CA 8), 330 F.2d 450 (opinion by Judge, now Mr. Justice Blackmun) the defendants were indicted for murder in Minnesota; they fled the state and were later apprehended, tried and convicted (in 1949) in a federal court in North Dakota for kidnapping and car theft. Both received lengthy sentences, and were confined in a federal institution. Minnesota filed a detainer. In 1957 they demanded a trial in Minnesota which demand was denied. They sought federal relief under the "All Writs Act," 28 U.S.C., § 1651(a), after several prior motions had been filed and denied, and after four opinions had been written in the Court of Appeals. The Court, recognizing the fundamental guaranty of a speedy trial, generally, said in part, loc. cit. 452–453: "But when we have confinement in a state institution, accompanied by a pending federal charge against the prisoner, or the reverse circumstance of a federal confinement, accompanied by a pending state charge, 'a spirit of reciprocal comity' is required. Ponzi v. Fessenden, 258 U.S. 254, 259, 42 S.Ct. 309, 66 L.

Ed. 607 (1922). The fact that an accused is in prison does not by itself make him immune from the second prosecution. At the same time, when a person accused by one sovereign is already incarcerated in the prison of the other, the authorities of the former are under no obligation to institute proceedings for the removal of the prisoner for trial on the pending charge. This court has recently so held in a case brought by a state prisoner with respect to a federal arrest warrant, Crow v. United States, 323 F.2d 888, 891 (8 Cir. 1963), where it was said that 'the prisoner has no absolute right to a removal from state custody to stand trial on a federal charge,' and, again, in proceedings by federal prisoners with respect to state charges, McWhorter v. Kennedy, 324 F.2d 793 (8 Cir. 1963), and Potter v. Missouri, 325 F.2d 525 (8 Cir. 1963). See State v. Hall, 266 Minn. 74, 123 N.W.2d 116 (1963), and State v. Larkin, 256 Minn. 314, 98 N.W.2d 70, 71 (1959).

"The McWhorter, Hall, and Larkin cases all show that it makes no difference that the prison authorities have indicated a willingness to produce the prisoner for trial by the other sovereignty whenever called upon to do so.

\* \* \* \* \* \*

"We do observe in passing, however, that if and when Minnesota should choose to prosecute either of the Bistrams under the 1949 murder indictment, whether this be before or at the time of release from federal custody, any claim which either or both of them may have under or because of the Sixth Amendment, or 18 U.S.C. § 4085, or the Minnesota Constitution, Art. 1, § 6, may then be asserted and decided upon the facts as then disclosed. Crow v. United States, supra, pp. 891–92 of 323 F.2d; McWhorter v. Kennedy, supra, p. 795 of 324 F.2d; State v. Hall, supra, pp. 117–18 of 123 N.W.2d." Thus, the federal court did not force Minnesota to grant a trial. On its facts that case is not precisely applicable, but the opinion would seemingly impel Missouri in our case to deny defend-

ant's demand for an immediate hearing, preserving to him any rights which he may claim at the time of a future hearing in Missouri. We have noted these various authorities with the reservation that defendant in our case is not even seeking a "speedy trial," but a hearing on a collateral postconviction attack. He had a full and speedy trial.

■ All things considered, we conclude that the order and judgment of the trial court should be affirmed. The federal authorities, as we read them, do not require us to do otherwise. The federal postconviction remedy statute, Title 28, U.S.C. § 2255, specifically confines that relief to attacks upon the judgments of United States Courts, i.e., "a court established by Act of Congress." We see no reason why we should do more. As we read and construe our Rule 27.26, the terms "in custody under sentence," "in custody" (subpar (a) ), and "in custody" (subpar (b) ), mean actual custody in Missouri under a Missouri sentence, and the rule does not require a hearing when the defendant is confined elsewhere. The whole rule relates only to *Missouri sentences* and relief therefrom, and when the term "custody under sentence" is used it can only reasonably refer to a custody under *such* a sentence. This construction is consonant with the meaning and content of the preceding Rules 27.23 to 27.25, which also refer only to Missouri judgments and sentences. We are not persuaded by the argument that this defendant is constructively in Missouri custody by reason of its "presumed" detainer and the actual custody of the federal authorities. That is simply stretching too far the clear meaning and intent of our rule. This defendant has not even begun to serve his Missouri sentence.

In passing, we note that if defendant were now granted an immediate hearing on his motion, his most favorable remedy would be the vacating of the prior judgment and sentence and a remand for a new trial. In that situation the State of Missouri would undoubtedly maintain a detainer with the federal authorities and his status there, whatever it is, would remain the same. The granting of an immediate hearing on this motion would (by that precedent) subject the Missouri courts to innumerable future problems,—for one, the recognition of a duty to return (or seek to return) prisoners from any and all states in the union (under federal or state custody), largely at its own expense, and at a continuous risk of escapes and violence; and, moreover, to return them to their original custody when their hearings in Missouri had been completed. While not a legal answer to the problem, we suggest also that defendant voluntarily got himself into his difficulties with the federal authorities and thus prevented the prompt service of his Missouri sentence. In this opinion we have no intention of affecting our prior ruling that one on parole from a Missouri sentence is "in custody" of the Missouri authorities. Section 549.261(3), RSMo 1969, V.A.M.S., so provides. And see State v. Gray (Mo.), 406 S.W.2d 580.

Though defendant's motion is deficient in various respects, we have decided the substantive issue here, namely, that the defendant is not "in custody under sentence" within the meaning of our Rule 27.26. On counsel's own admission the defendant is not without a remedy. Missouri has not denied him a hearing under our rule, but has, in its discretion, postponed such a hearing until he comes within the intent and meaning of our rule. The order and judgment of the trial court is affirmed on the ground just stated above. This is not an adjudication of the merits of defendant's motion, which he is free to present at the proper time hereafter.

Order and judgment affirmed.

PER CURIAM:

The foregoing opinion of HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.