**Benjamin Jeal SMITH, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55805.**

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

John P. Dockery, St. Louis, for appellant.

WELBORN, Commissioner.

Appellant, Benjamin Jeal Smith, filed motion under Supreme Court Rule 27.26, V.A.M.R., in the St. Louis Circuit Court. Motion alleged that he had been convicted in that court of second degree murder on February 27, 1963 and sentenced to fifteen years' imprisonment; that sentence had been affirmed on appeal (See State v. Smith, Mo.Sup., 384 S.W.2d 516.); that after serving approximately five years and nine months of his sentence, he was released on parole; that he was arrested on a federal charge on February 23, 1969, for which he was tried and found guilty on May 26, 1969 and sentenced to three years' imprisonment; that at the time of the motion he was in custody in the United States Penitentiary at Terre Haute, Indiana; that since his conviction on the federal charge Missouri had revoked his parole and placed a detainer against him with the federal prison authorities. The motion charged that the detainer was illegal and also that the judgment of the St. Louis Circuit Court was invalid for numerous reasons which need not here be set out.

The circuit attorney's motion to dismiss the motion on the grounds that the prisoner was not in custody and under sentence for the offense for which he claims relief was sustained. This appeal followed.

The basis of appellant's argument of error on the part of the trial court is that the detainer which has been placed against him by the Missouri Department of Corrections causes him to be in constructive custody of the Missouri department. In Lalla v. State, Mo.Sup., 463 S.W.2d 797, 801[2], such argument was rejected as providing the "custody under sentence" required as a precedent to relief under Supreme Court Rule 27.26, V.A.M.R. In Lalla, the movant had not actually been confined under the Missouri sentence from which he sought relief. However, that fact does not serve to distinguish it from this case. The reasoning of Lalla and the there noted practical problems inherent in attempting to rule a 27.26 motion on behalf of an absent defendant in federal custody apply equally to this case.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.