Herman Eugene WING,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9876.

Missouri Court of Appeals,
Springfield District.

June 6, 1975.

Grant W. Scott, Spencer, Scott & Dwyer, Joplin, Richard A. Bachand, Albuquerque, N. M., for movant-appellant.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

*BILLINGS, Chief Judge.*

Appellant Herman Eugene Wing, a prisoner in the Oklahoma State Penitentiary, initiated this Rule 27.26, V.A.M.R., proceeding seeking post-conviction relief from a Missouri sentence which is pending. The trial court, without conducting a hearing, made findings of fact and conclusions of law based upon appellant's motion, the files and transcript of the Missouri trial, and the decision of the Supreme Court in State v. Wing, 455 S.W.2d 457 (Mo.1970), *cert. denied* 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971). It was the lower court's judgment that appellant was not entitled to relief under Rule 27.26 but that a hearing on appellant's motion would be postponed until appellant was in custody under the Missouri sentence. We affirm.

In 1969 the appellant was tried and convicted by a jury in Newton County, Missouri, of possession of burglary tools and sentenced to a ten-year prison term in the Missouri Department of Corrections. While at liberty on an appeal bond and while his appeal was pending in the Supreme Court of Missouri, the appellant was convicted of charges relating to armed robbery in Oklahoma and sentenced. At the time of filing this motion the appellant was serving the sentences (105 years according to the state's brief, five sentences being served concurrently for a total of 45 years according to appellant's brief) in the Oklahoma penitentiary.

Prior to appellant's Missouri and Oklahoma convictions he was charged with attempted bank burglary in the United States District Court for the Western District of Missouri. He was convicted by the jury but judgment of acquittal was entered because the court concluded burglary tools were seized as the result of an illegal search. We gather that appellant's prosecution in Newton County followed, and the state courts determined the burglary tools were not illegally seized (State v. Wing, 455 S.W.2d 457).

In summary, the appellant's motion sought to vacate sentence and judgment entered by the Circuit Court of Newton County because the burglary tools should have been suppressed because obtained by an illegal search (insufficient affidavit for search warrant), as determined by the federal court, and the doctrine of collateral estoppel should apply.

 We pause to note that on appellant's direct appeal the issue of the sufficiency of the affidavit for a search warrant and the resultant seizure of the burglary tools pursuant to the warrant was squarely raised, considered and ruled adversely to the appellant. Sweazea v. State, 515 S.W.2d 499 (Mo. banc 1974), and cases cited therein hold that a Rule 27.26 motion cannot be used as a substitute for a second appeal and where an issue has been raised and decided on direct appeal defendant cannot obtain another review thereof in a 27.26 proceeding.

Decisive of this case, however, is the fact that the appellant is not in custody under the judgment and sentence he seeks to overturn. In Lalla v. State, 463 S.W.2d 797 (Mo.1971), the movant had been convicted and sentenced in Missouri but prior to his imprisonment by Missouri authorities he was incarcerated in a federal penitentiary in another state. The court assumed a detainer had been filed on the defendant for Missouri at the federal penitentiary (a detainer has been filed by Missouri with Oklahoma prison officials in this case).

In holding Lalla could not proceed under Rule 27.26 the court said:

"Missouri has not denied defendant a post-conviction remedy; it has merely said that, not having him within its custody, a hearing on the matter will be postponed until he is available (and in custody) in Missouri. . . ." (463 S.W.2d at 798).

In his brief the appellant contends that the decision in Lalla v. State, supra, denies him any state remedy; that the postponement of his motion denies him due process and equal protection of the law; and, further, that federal cases since *Lalla* have expanded the "in custody" requirement of federal habeas corpus and we should follow such federal interpretations.

We do not agree with appellant's various contentions, but in any event, Lalla v. State is still the law of this state, and the judgment of the trial court is affirmed.

All concur.