**STATE of Missouri, Respondent,**

v.

**Jerry W. RECTOR, Appellant.**

**No. 37727.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 15, 1977.

M. E. Williams, Public Defender, James A. Mantia, Asst. Public Defender, Hillsboro, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Donald A. Purdy, Asst. Atty. Gen., Jefferson City, James R. Hall, Pros. Atty., Doniphan, for respondent.

WEIER, Judge.

While incarcerated in a penal institution in Arizona, Jerry W. Rector sent a letter to the public defender's office in Jefferson County, Missouri, stating that he had pled guilty to three counts of first degree murder before a circuit court in Jefferson County because he was "continuously harassed" by his lawyer into pleading guilty even though his lawyer admitted that he knew that defendant Rector was not guilty of committing the murders. The public defender's office forwarded this letter to the court which had sentenced Rector (to three concurrent life sentences) with the suggestion that the letter be treated as a Rule 27.26 motion to vacate judgments and sen-

tences. The court treated the letter as a Rule 27.26 motion and determined from the records and files that Rector was not entitled to relief. Rector was permitted to appeal this decision in forma pauperis represented by the public defender.

This case must be reversed and remanded with directions to dismiss the proceeding for two reasons. The first reason relates to the form of this "motion" and the second concerns defendant's incarceration outside of Missouri.

Rule 27.26(c) requires that motions under the rule "must be submitted on a form substantially in compliance with the form appended hereto . . . The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him." The letter from prisoner Rector is not in the correct form for a Rule 27.26 motion and has not been verified. The suggestion by the public defender's office that it be treated as a Rule 27.26 motion is not binding on the prisoner because that office had not been appointed counsel in the case. Furthermore, ". . . proceedings to withdraw pleas of guilty or to vacate sentences contemplate an orderly lawyer-like presentation of meritorious issues." *Davis v. State,* 442 S.W.2d 510, 512[1] (Mo.1969). Treating this letter as a Rule 27.26 motion does not further this purpose.

In addition, since defendant is incarcerated outside of this state he is not in custody under the judgment and sentence he seeks to overturn. For this reason he cannot proceed under Rule 27.26. *Lalla v. State,* 463 S.W.2d 797, 801[2] (Mo.1971); *Wing v. State,* 524 S.W.2d 443, 444[2] (Mo. App.1975). As stated in *Lalla* at 798: "Missouri has not denied defendant a post-conviction remedy; it has merely said that, not having him within its custody, a hearing on the matter will be postponed until he is available (and in custody) in Missouri."

Judgment reversed and remanded with directions to dismiss the Rule 27.26 proceeding without prejudice.

CLEMENS, P. J., and DOWD, J., concur.