Charles William **DAVIS**,
Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 41619.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Application to Transfer Denied
July 15, 1980.

William J. Shaw, Public Defender, Linda Allan, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Prosecuting Atty., Clayton, for respondent.

REINHARD, Judge.

Movant, currently a prisoner in the Oklahoma State Penitentiary, initiated this Rule 27.26 proceeding on February 28, 1978, seeking post-conviction relief from a Missouri sentence of life imprisonment imposed on October 26, 1942. Movant had pleaded guilty to first degree murder. At the time of filing his Rule 27.26 motion, movant was on parole from the Missouri sentence but was detained in the Oklahoma County Jail.

On March 7, 1978, the trial court appointed the Public Defender of St. Louis County to represent the movant. Thereafter, on November 3, 1978, movant filed in the trial court a writ of habeas corpus ad testificandum which stated that movant was confined in the Oklahoma State Penitentiary awaiting execution of a death sentence imposed only after an affirmative finding that movant had a prior conviction for murder in the first degree entered in the Circuit Court of St. Louis County, Missouri. The court denied this writ on November 3, 1978. On that same day, the prosecuting attorney filed a motion to dismiss. In response thereto, movant filed an amended petition on January 12, 1979. Without holding a hearing, the trial court made its order finding that all parties except movant and the then Assistant Prosecuting Attorney had died, that the then Assistant Prosecuting Attorney failed to remember the event of movant's plea in 1942, and that movant lacked good faith and credibility. It was the lower court's judgment that pursuant to the State's motion, the movant's Rule 27.26 motion should be dismissed.

On appeal, we are faced with three allegations wherein the trial court erred: (1) in not granting an evidentiary hearing; (2) in not making specific findings of fact and conclusions of law; and (3) in making findings of movant's good faith and credibility before holding an evidentiary hearing and without any support in the existing files and records of the case.

We need not reach any of these points of error because pursuant to the Missouri Supreme Court case of *Lalla v. State*, 463 S.W.2d 797 (Mo.1971), the trial court was without jurisdiction to vacate judgment in this case. While it is true that movant was on parole at the time he filed his Rule 27.26 motion and that a parolee is considered a prisoner "in custody" under sentence for purposes of invoking Rule 27.26, Section 549.261(3) RSMo. 1969; *State v. Gray*, 406 S.W.2d 580, 581 (Mo.1966), this status has no effect when the movant is in custody in another jurisdiction. *Lalla* specifically holds: "As we read and construe our Rule 27.26, the terms 'in custody under sentence,' 'in custody' (subpar. (a), and 'in custody' (subpar. (b)), mean actual custody in Missouri under a Missouri sentence, and the rule does not require a hearing when the defendant is confined elsewhere." *Id.* at 801.

■ Because the movant was confined in the Oklahoma prison system, under an Oklahoma sentence, we affirm the trial court's dismissal of movant's Rule 27.26 motion.[1] We recognize that the trial court dismissed the movant's Rule 27.26 motion on other grounds; however, as the Supreme

---

1. Movant in his reply brief contends that underlying *Lalla* is the rationale that by dismissing the Rule 27.26 motion, relief is merely postponed but not necessarily denied. He claims that this rationale does not apply to the case at bar because here, by postponing relief, it would be eliminated. Therefore, argues movant, *Lalla* and its progeny do not control the case at bar. We are bound by *Lalla*.

Court stated in *State v. Kimes*, 415 S.W.2d 814 (Mo.1967), "even if we do not accept the trial court's basis for its dismissal, if the judgment of the trial court may properly be sustained on other grounds, its judgment must be affirmed." *Id.* at 815.

In his reply brief, movant contends the trial court improperly dismissed his Rule 27.26 motion because it failed to regard his motion as a petition for a writ of error coram nobis. However, movant admits that his failure to have served his sentence is a "technical obstacle" to his obtaining relief under a writ of error coram nobis. A writ of error coram nobis is available only to those who have served their sentence, *Arnold v. State*, 552 S.W.2d 286, 291 (Mo.App.1977), and therefore we find no merit in movant's contention.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

