**Roger J. DENNY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 35639.**

Missouri Court of Appeals, Western District.

Jan. 2, 1985.

Lew A. Kollias, Jefferson City, for appellant.

John Ashcroft, Asst. Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Roger Denny was jury tried and convicted January 8, 1981 of the offense of offering violence to a corrections officer. On November 29, 1982, he filed a pro se motion for post-conviction relief under Rule 27.26. The trial court dismissed the case January 17, 1983 without appointing counsel for petitioner, without a hearing and, so far as the record on appeal disclosed, with-

out notice to Denny. This appeal, filed out of time upon leave granted by this court, is from the dismissal order.

Drawing upon copies of correspondence in the legal file as the principal source of information as to what occurred in this case, it appears that when Denny filed his Rule 27.26 motion, he was in custody at the Missouri Penitentiary. Thereafter, on December 15, 1982, he was transferred to the Kentucky Department of Corrections under authority of *Article IV (a) Interstate Corrections Compact, § 217.535, RSMo. Supp.1982.* The latter authorizes such transfers when deemed by the sending state to be in the best interests of the inmate. While in Kentucky, Denny was in custody under the Missouri sentence imposed for the January, 1981 conviction.

The trial court had originally set Denny's motion for hearing on December 20, 1982. That hearing did not take place, apparently because Denny was then in Kentucky pursuant to the custodial transfer. On January 17, 1982, the trial court entered the dismissal order which is the subject of this appeal. The docket entry reads: "Case dismissed for reasons set forth in letter. Case dismissed." The parties are in agreement that the letter referred to in the entry was a letter from the Missouri penitentiary records office to the prosecuting attorney dated December 21, 1982 advising of Denny's transfer to the Kentucky institution.

The trial court made no findings of fact, beyond the reference to the letter as noted, and set out no conclusions of law. The parties assume and the state seeks to sustain the dismissal of the action on the ground that Denny was not entitled to a hearing and the trial court was without jurisdiction to act with respect to the judgment of conviction when the 27.26 movant is in custody in another jurisdiction. It is therefore assumed that Denny's custodial status in Kentucky was the basis for the court's order dismissing the case.

Appellant asserts that the dismissal of his rule 27.26 motion should be set aside, first because the trial court erred in not appointing counsel for appellant when the motion was filed, second because the summary dismissal was not accompanied by a statement of reasons for the dismissal and, third because the apparent basis for the dismissal, the absence of appellant from custodial detention in Missouri, was not a ground to deny appellant a hearing. All three points are valid claims of error. We will address only the last, however, on the assumption that the first two errors will be remedied upon remand and disposition of the proceeding on the merits.

It is first appropriate to note that this case is distinguishable from cases in which the inmate under sentence in Missouri is in custody in a foreign state or is in federal custody pursuant to a sentence imposed by the foreign state or by federal authority. Where a Missouri prisoner is being held in another state by reason of a transfer pursuant to Article IV(a) of the Interstate Corrections Compact, the receiving state acts as custodian in the capacity of agent for the sending state and the inmate is at all times subject to the jurisdiction of the sending state. Article IV, Subsection (c). Denny was therefore in custody in Kentucky under the Missouri sentence and remained subject to Missouri jurisdiction.

The state argues that authority for the trial court's dismissal order is found in *Lalla v. State,* 463 S.W.2d 797 (Mo.1971). It may well be that the trial court relied on that case as well, although the absence of findings leaves the basis for the ruling uncertain. At least it is clear from the court's docket entry that the report of appellant's transfer to Kentucky prompted the dismissal order. The question is whether appellant was entitled to maintain his Rule 27.26 motion and to appointment of counsel and a hearing notwithstanding his transfer by the Missouri Department of Corrections to Kentucky.

In *Lalla,* the movant under Rule 27.26 had been convicted and sentenced under a federal offense prosecution. A detainer was lodged against him and he was returned to Missouri where he was

tried and convicted of the Missouri offense. Lalla was then returned to complete service of the federal sentence. He was in federal custody when he filed his proceeding under Rule 27.26 for post-conviction relief. The court there held that the terms "in custody under sentence" as used in Rule 27.26 means actual custody in Missouri under a Missouri sentence. Where the defendant is confined elsewhere, and is not serving a sentence under a Missouri judgment, the defendant is not entitled to the hearing provided for post-conviction relief under the rule.

Cases which have followed *Lalla* have all involved situations in which the movant was confined outside Missouri under the judgment and sentence of a foreign state. The *Lalla* rationale is not applicable to this case because appellant has at all times been in custody under the Missouri sentence with his place of confinement determined by the Missouri Department of Corrections. Indeed, when appellant filed his motion, he was in Missouri, the transfer to Kentucky being some two weeks later.

Under the provisions of the Interstate Corrections Compact, a transferred prisoner remains in the constructive custody of the sending state which does not release jurisdiction by virtue of the transfer. The receiving state merely acts as a custodial agent of the sending state and must return the inmate at any time the sending state elects to reincarcerate the inmate in one of its institutions. Moreover, Article IV, subsection (e) of the compact expressly provides that no inmate is deprived, by reason of the transfer, of any legal rights he would have had were he to have remained in an institution in the sending state.

The inapplicability of the *Lalla* analysis to the case of a transferred inmate such as appellant is self evident because the consequence is to completely thwart the availability of Rule 27.26 procedure to such prisoners. Transfers under the compact to other states are accomplished on the initiative of the Department of Corrections which determines which inmates are subject to transfer and when. Irrespective of any punitive or retaliatory motivation, if a Missouri prisoner must be physically present in Missouri to have access to Rule 27.26 relief, the Department of Corrections could, as was done in appellant's case, cause a discontinuance of a Rule 27.26 action by merely sending the movant out of the state. Assuming arrangements were available with the receiving state or states, a Missouri inmate could be repeatedly denied his Rule 27.26 motion hearing by successive transfers or, the proceeding could be permanently made unavailable by continuing the inmate's detention in the foreign state. The inmate could, under such hypotheses, conceivably serve his full Missouri sentence and never have a Rule 27.26 motion considered.

■ The parties have not cited and independent research has disclosed no Missouri case dealing with the rights of a prisoner transferred to another state under the compact for service of a Missouri sentence imposed for a conviction had in Missouri. On the basis of the foregoing analysis, however, we conclude that a prisoner such as appellant who is serving a Missouri sentence under custody in a foreign state occupies no different position with respect to Rule 27.26 remedies than a similarly sentenced inmate serving time in a Missouri institution. Appellant was entitled to appointment of counsel and to other proceedings under the rule and it was error for the trial court to dismiss the case summarily.

The state has also suggested that the rule of *Lalla* is a practical solution because of the risk of violence and escape associated with transporting a prisoner from a foreign state to provide the Rule 27.26 hearing and that the inmate's rights under the rule are not denied, merely postponed. As to appellant, the briefs of the parties parenthetically note, dehors the record, that appellant is currently confined in the Missouri penitentiary in Jefferson City. If that be so, then appellant could, as the state suggests, accomplish the same result by filing a renewed motion with the trial court.

That alternative begs the question of this appeal, that is, whether appellant was entitled to adjudication of his original motion on the merits and whether the issue is one capable of repetition and deserving of review. The prospect is that other cases similar to appellant's will arise and the issue should be settled. In addition, there is no assurance that appellant will be continued in custody in Missouri. A second Rule 27.26 motion could be again frustrated by another transfer of appellant under the compact. For these reasons, we deem the appeal not to have been mooted by the return of appellant to Missouri, if that be the fact.

In discussing the subject of this appeal, no consideration has been given to the merits of appellant's claim to relief from the judgment and sentence of January, 1981 and no opinion is expressed on that subject. The case should be processed by the trial court in the same manner as would any other similar proceeding at the point of initial filing.

The order of dismissal is reversed and the case is remanded with direction to reinstate appellant's motion.

All concur.