**William A. McLAUGHLIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39233.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1987.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

PER CURIAM.

On January 9, 1985, William A. McLaughlin was convicted on drug charges in U.S. District Court. On January 24, 1985, McLaughlin pleaded guilty in Jackson County Circuit Court to receiving stolen property. Pursuant to a plea agreement, the circuit court judge ordered that McLaughlin's state sentence be served before or consecutively to the impending federal court sentence.[1] On March 12, 1985, McLaughlin was sentenced on the federal drug charges and began serving that sentence in a federal facility.

While in federal custody, McLaughlin filed a Rule 27.26 motion seeking to vacate his conviction for receiving stolen property. After the hearing court denied relief, McLaughlin instituted this appeal.

Reversed and remanded with directions.

 It is clear the trial court lacked jurisdiction to entertain McLaughlin's Rule 27.26 motion. This is so because McLaughlin was not incarcerated in the Missouri penal system but was a prisoner in federal custody. The facts in *Lalla v. State*, 463 S.W.2d 797, 798 (Mo.1971), are quite similar to the instant case. In *Lalla*, the court in sustaining the trial court's denial of a past conviction motion, said:

> Missouri has not denied defendant a post-conviction remedy; it has merely said that, not having him within its custody, a hearing on the matter will be postponed until he is available (and in custody) in Missouri. Defendant's counsel says that the federal cases, by analogy, indicate that Missouri should bring defendant back now for an immediate hearing.

To invoke Rule 27.26 relief, a movant must be a "prisoner in custody under sentence." The Rule 27.26 terms "in custody under sentence" and "in custody" mean actual custody in Missouri under a Missouri sentence. *Lalla v. State, supra,* 463 S.W.2d at 801.

1. Since the issue was not raised we do not address the manner in which the trial court entered its sentence.

Since the trial court lacked jurisdiction, the learned trial court erred in ruling the motion. The judgment is reversed and the case remanded with directions to dismiss the Rule 27.26 motion without prejudice. See *State v. Rector*, 547 S.W.2d 525, 526 (Mo.App.1977).

