**Tommy Lee BEAVER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41021.**

Missouri Court of Appeals,
Western District.

March 28, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1989.

Larry Pace, Kansas City, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and
SHANGLER and BERREY, JJ.

FENNER, Presiding Judge.

Appellant, Tommy Lee Beaver, appeals from the denial of his motion under former Rule 27.26. Appellant was convicted of one count of forgery in the Circuit Court of Jackson County. Appellant's conviction was upheld on direct appeal in *State v. Beaver*, 732 S.W.2d 200 (Mo.App.1987).

Appellant is currently serving a fifteen year sentence at the Federal Correctional Institution in El Reno, Oklahoma. Appellant is to begin serving his state sentence at the completion of his federal detention.

■ Appellant filed his motion pursuant to the Supreme Court Rule then in effect, Rule 27.26, on December 30, 1987.[1] Appellant's Rule 27.26 motion was denied by the motion court on August 2, 1988, on the basis that he failed to satisfy the Rule 27.26(b)(1) jurisdictional prerequisite of being "in custody."

Appellant argues in this appeal that the motion court erred in denying his 27.26 motion on the ground that he was not in custody because the denial of his motion as premature constitutes an indefensible barrier to prompt adjudication of his claims and denies him access to the courts while evidence and witnesses are still available.

Rule 27.26 provided as follows:

"A prisoner *in custody under sentence* and claiming a right to be released on the ground that such sentence was imposed

---

1. In regard to a conviction after trial, the Missouri Supreme Court adopted Rule 29.15 to replace former Rule 27.26 effective January 1, 1988. Rule 29.15(m) states that: "If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Appellant's Rule 27.26 motion was pending on the effective date of Rule 29.15.

in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:

. . . . .

(b) When Remedy May Be Invoked.

(1) The provisions of this Rule may be invoked only by one *in custody* claiming the right to have a sentence vacated, set aside, or corrected." [emphasis added]

The terms emphasized above "in custody under sentence" and "in custody" are jurisdictional and require that the movant be in actual custody in Missouri under a Missouri sentence before he is entitled to seek relief under Rule 27.26. *Lalla v. State,* 463 S.W.2d 797, 801 (Mo.1971); *State v. Andrews,* 745 S.W.2d 691 (Mo.App. 1987).

The finding of the motion court that it was without jurisdiction to take up appellant's Rule 27.26 motion is affirmed.

All concur.