Jerry HOUSTON, a/k/a Clarence Dorsey, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41064.

Missouri Court of Appeals, Western District.

April 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1989.

Application to Transfer Denied Aug. 1, 1989.

Sean D. O'Brien, Public Defender, John L. Vohs, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

PER CURIAM:

Appellant appeals from the denial, without an evidentiary hearing, of appellant's second Rule 27.26 motion for postconviction relief. The judgment is reversed and remanded with directions.

Appellant pled guilty to robbery in the first degree in the Jackson County Circuit Court on July 29, 1970, and was sentenced to a prison term of thirty-five years. Appellant filed a pro se Rule 27.26 motion for post-conviction relief on November 19, 1970. Appointed counsel for appellant filed an amended Rule 27.26 motion on January 28, 1971. An evidentiary hearing held on June 10, 1971, was continued for further evidence. On December 2, 1971, the date on which appellant's evidentiary hearing was rescheduled, appellant escaped from the custody of the Sheriff of Jackson County. Thereafter, on March 15, 1972, the trial court dismissed appellant's Rule 27.26 motion. The court found that because appellant was in the custody of the Sheriff of Orange County, Florida, awaiting trial for robbery and was not in the present actual custody of Missouri, he was prevented from maintaining the motion, citing *Lalla v. State*, 463 S.W.2d 797 (Mo. 1971).

Appellant filed a second pro se Rule 27.-26 motion fifteen years later, on November 12, 1987, while incarcerated in a federal penal facility in Marion, Illinois. After appointment of counsel, appellant filed a first amended motion on June 1, 1988. On August 5, 1988, the trial court denied appellant's second Rule 27.26 motion without an evidentiary hearing, finding that all grounds named in appellant's second motion were either raised before or could have been raised before in the prior motion and that appellant had not alleged that the grounds were new or could not have been raised in the prior motion.

The judgment of the trial court must be reversed and remanded because the trial court lacked jurisdiction to entertain appellant's Rule 27.26 motion.

To invoke relief under Rule 27.26, the movant must be a "prisoner in custody under sentence." Rule 27.26. The terms "in custody under sentence" and "in custody" mean actual custody in Missouri under a Missouri sentence. *Lalla v. State*, 463 S.W.2d at 801. Appellant is currently incarcerated in a federal penal facility. Because appellant is not in custody under the judgment and sentence he seeks to overturn, he is ineligible to proceed under Rule 27.26. Thus, the rationale for the dismissal of appellant's first Rule 27.26 motion in 1972 is equally applicable to the disposal of appellant's present motion.

Because the trial court lacked jurisdiction, the judgment is reversed and the case remanded with directions to dismiss appellant's Rule 27.26 motion without prejudice. *See McLaughlin v. State*, 741 S.W.2d 68, 69 (Mo.App.1987).