Richard D. SELF, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55397.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 15, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We reverse and remand.

Movant entered a plea of guilty to first degree robbery in exchange for a sentence of 13 years' imprisonment to be served concurrently with his existing Missouri and federal sentences. The court accepted the plea and sentenced movant in accordance with the plea bargain.

The judgment of conviction and sentence reads in part as follows:

THEREFORE, it is ordered and adjudged by the Court that said Defendant, Richard David Self, Jr., be and he is hereby committed to the custody of the Department of Corrections and Human Resources, for a period of imprisonment of Thirteen (13) Years, for the offense, Robbery First Degree, a Class A felony; sentence to be concurrent with federal sentence and Missouri sentence from Jefferson County; and that he stand so committed until this sentence is complied with or he be otherwise discharged according to law. Defendant is granted credit for jail time. Court costs waived.

Movant filed an unverified pro se Rule 24.035 motion while in federal custody in Texas alleging the prosecutor failed to give him "jail time" credit and that he is entitled to credit from August 14, 1985, to June 11, 1987. The motion was accompanied by an unacknowledged but signed forma pauperis affidavit. Without appointing movant counsel, the court dismissed his motion "for the reason that [movant] is not a prisoner in custody in [Missouri]" and ordered that movant be given proper "jail time" credit.

Movant's primary point on appeal is that the court clearly erred in dismissing his pro se motion without appointing counsel.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo.App.1989). The findings, conclusions, and judgment are clearly erroneous only if review of the entire record leaves a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

■ Initially we note the claim for relief in movant's motion is not cognizable under Rule 24.035. *Vance v. State*, 773 S.W.2d 128 (Mo.App.1989). That, however, does not end our inquiry. Many pro se motions are inadequate. To assure justice, since 1978, our Supreme Court has required appointment of counsel for all indigents filing pro se motions. *Fields v. State*, 572 S.W.2d 477, 482–83 (Mo. banc 1978).

Rule 24.035(e) provides:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds....

Exceptions to the requirement of appointing counsel have been made. Under former Rule 27.26 failure to appoint counsel was not error where the motion was a successive motion and did not raise new grounds or grounds which could not have been raised before. This case does not fall into an existing exception. Counsel should have been appointed. For that reason alone we must reverse and remand.

 Movant also contends on appeal that the motion court clearly erred in dismissing his motion on the ground that movant "was 'not a prisoner in this state' because Rule 24.035 contains no such requirement."

Under Rule 27.26, the predecessor of Rule 24.035, a movant had to be "[a] prisoner in custody under sentence" before he could file a motion for relief. Rule 27.26 (repealed). In *Lalla v. State*, 463 S.W.2d 797 (Mo.1971), our Supreme Court held "in custody under sentence" means in "actual custody in Missouri under a Missouri sentence."[1] *Id.* at 801.

Although Rule 24.035, and Rule 29.15, for the most part incorporate the language of former Rule 27.26, changes were made. *Compare* Rule 24.035, and Rule 29.15, *with* Rule 27.26 (repealed). The language "[a] prisoner in custody under sentence" of Rule 27.26 was not incorporated into Rule 24.035, or Rule 29.15. To be entitled to seek relief under Rule 24.035 one must be "[a] person convicted of a felony on a plea of guilty and *delivered to the custody of the department of corrections.*" Rule 24.-035(a) (Emphasis ours). Both Rule 24.035 and Rule 29.15 utilize the time at which the movant is "delivered to the custody of the department of corrections" to mark the beginning of the time during which a motion for relief may be filed. Rules 24.-035(b) and 29.15(b). The time limitations of these rules were upheld by our Supreme Court. *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989). In *Day*, Chief Justice Billings, speaking for our Supreme Court which adopted these rules, stated that the new rules were adopted to avoid the delays in processing claims and prevent the litigation of stale claims which occurred under Rule 27.26. *Id.* at 693.

Clearly, the new language is intended to fix the start of the claim filing period. It is not clear this change in language was made with the intent of overruling the *actual* custody of the *Missouri* Department of Corrections requirement established in *Lalla*.

The record before us is extremely sparse. We are unable to determine whether movant has actually been delivered to the Missouri Department of Corrections to serve his sentence under its control. On remand, counsel will have an opportunity to investigate and amend the pro se motion. Both parties can also supplement the record as to the custody issue and present it to the motion court.

Judgment reversed and cause remanded.

---

**1.** This construction was refined to include prisoners in custody out of the State of Missouri but who are under the control of the Missouri Department of Corrections. *Denny v. State*, 684 S.W.2d 78 (Mo.App.1985).