37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gaylon Don BALL, Petitioner-Appellant,
v.
Earl SCOTT, Prosecuting Attorney, Respondent-Appellee.
 No. 93-3345.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Gaylon Don Ball appeals from a judgment dismissing his 28 U.S.C. 2241 petition for a writ of habeas corpus. We affirm.
 
 
 4
 Petitioner alleged that in November 1991 he was arrested by the State of Missouri on two charges. He was held in jail on the charges for several months. On March 29, 1992, he was turned over to federal authorities for trial on a separate federal charge, and was convicted of that charge. Missouri lodged a detainer with federal authorities on November 18, 1992. On December 4, 1992, at the sentencing hearing on the federal charge, petitioner's attorney orally requested that Missouri take custody of him and grant him a speedy trial. Missouri declined to take him into custody. He was transferred to the United States Penitentiary (U.S.P.) in Kansas. The state charges have been pending in excess of one year, and trial delayed more than 180 days since he demanded disposition of the charges, in violation of Article III of the Interstate Agreement on Detainers Act (IADA), Mo.Rev.Stat. 217.490.[2] He requested removal of the detainer and dismissal of the underlying charges with prejudice.
 
 
 5
 The district court issued an order to show cause to both the prosecuting attorney of Dunklin County, Missouri, where the state charges were filed, and the warden of the U.S.P. where petitioner is incarcerated. The prosecuting attorney answered and admitted there is a detainer lodged against petitioner arising out of two charges in that county, but denied that petitioner filed a written request for disposition of the charges. He later explained in his appellate brief that Dunklin County sent a detainer to the U.S. Marshal's office on November 18, 1992, but that the detainer apparently was not forwarded to the Bureau of Prisons. Dunklin County has not lodged a detainer with the Bureau of Prisons.
 
 
 6
 The warden for the U.S.P. in Kansas answered, stating that Missouri has not lodged any detainers against petitioner with the Bureau of Prisons.[3] Further, petitioner had not exhausted administrative or state remedies. Petitioner did not deny that he has not exhausted state remedies, but contended none were available to him.
 
 
 7
 Based on the pleadings and responses thereto, the district court concluded there was no detainer lodged against petitioner, and even if there was, he had failed to exhaust his state remedies. It therefore dismissed the petition.
 
 
 8
 The relevant facts are undisputed. We review the district court's legal conclusions de novo. See Lustgarden v. Gunter, 966 F.2d 552, 553 (10th Cir.), cert. denied, 113 S.Ct. 624 (1992).
 
 
 9
 A threshold matter is whether the district court had jurisdiction to entertain the petition. A prerequisite to the exercise of habeas jurisdiction under 2241 is that the petitioner be in custody at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). The Court has found a prisoner serving a sentence in one state, against whom a detainer[4] had been filed with his jailers by another state, sufficiently "in custody" pursuant to the detainer such that he could bring a habeas attack on the outstanding charge underlying the detainer. Id. at 493 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973)). The Braden Court's rationale was that the jailer was acting as the agent of the detainer-lodging state in holding the prisoner in custody pursuant to the detainer. Braden, 410 U.S. at 489 n. 4.[5]
 
 
 10
 Petitioner was in the Bureau of Prisons' custody when he filed his petition. The detainer lodged with the marshal's office had not been forwarded to the Bureau of Prisons, and we decline to hold the mere filing of a detainer with one custodian imputes knowledge of that detainer to a later custodian. Nor had Missouri lodged a detainer with the Bureau of Prisons. In fact, Missouri declined to respond when queried about whether it wanted to file a detainer with the Bureau. Thus, we hold petitioner was not in custody pursuant to the detainer when he filed his petition, and the district court lacked jurisdiction to hear his attack on the Missouri charges.[6]
 
 
 11
 Even if the district court had jurisdiction, petitioner's failure to exhaust state remedies is an alternative basis for dismissal. The petition was filed under 2241 which, unlike 28 U.S.C. 2254, does not contain an exhaustion requirement. Nevertheless, " 'federal courts should abstain from the exercise of [2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.' " Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir.1993)(quoting Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956 (1987)).
 
 
 12
 Petitioner, relying on Lalla v. State, 463 S.W.2d 797 (Mo.1971), and State v. Rector, 547 S.W.2d 525 (Mo. Ct.App.1977), argues that state remedies are not available to him because Missouri courts lack jurisdiction to hear any type of petition from a prisoner held outside its boundaries and he is not presently incarcerated in Missouri. Petitioner reads Lalla too broadly. That decision simply held the procedure available under Mo. R.Crim. P. 27.26 (replaced by Mo. R.Crim. P. 24.035 and 29.15, effective January 1, 1988) was not available to a petitioner unless he was in the actual custody of the State of Missouri under a Missouri sentence. 463 S.W.2d at 801. Accord Rector, 547 S.W.2d at 526. However, Rule 27.26 was a procedure for challenging only the validity of judgments of conviction or sentences, Solomon v. State, 821 S.W.2d 133, 135 (Mo. Ct.App.1992), and therefore inapplicable to someone like petitioner who has not been convicted or sentenced by a Missouri state court. Petitioner has made no showing that he must be incarcerated in Missouri to file a motion to dismiss the state charges under article V(3) of the IADA, 217.490.
 
 
 13
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This article provides that if a detainer is lodged against a prisoner, he shall be brought to trial within 180 days after he delivers to proper authorities a request for final disposition of the indictment, information or complaint underlying the detainer. Section 217.490, art. III(1)
 
 
 [3]
 It appears Missouri filed some sort of report with the U.S.P. concerning the charges, but did not respond to the U.S.P.'s inquiry whether it wished to lodge a detainer based on those charges
 
 
 [4]
 "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985)
 
 
 [5]
 Braden involved a habeas petition, filed in Kentucky district court by a prisoner incarcerated in Alabama, attacking an indictment which underlay a detainer filed by Kentucky. 410 U.S. at 486-87. Here, in contrast, petitioner was incarcerated in Kansas and filed a petition in Kansas district court, which has concurrent jurisdiction with Missouri district court, see id. at 499 n. 15, attacking a Missouri detainer. This distinction does not affect the applicability of Braden
 
 
 [6]
 Although Braden left open the possibility that a prisoner could be sufficiently "in custody" even if no detainer had been lodged, 410 U.S. at 489 n. 4, "we have found no authority, and discern no rationale, for extending Braden to the facts of this case." Stacey v. Warden, Apalachee Correctional Inst., 854 F.2d 401, 403 (11th Cir.1988)