**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John Henry PETERS,
Defendant-Appellant.**

**No. 14453.**

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 1986.

Victor W. Head, Garrett & Woods, Monett, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, John M. Morris, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of escape from confinement, § 575.210,[1] and he was sentenced, as a persistent offender, to a term of eight years. Defendant appeals.

On March 25, 1984, while being held as a prisoner in the Barry County Jail, defendant escaped from the jail and remained at large until December 1984, when he was arrested in New Mexico. The escape was effected because the jailer failed to lock an outside door while defendant was outside his cell answering the telephone in the "booking room."

Defendant asserts that the trial court erred in failing to give the following instruction offered by defendant:

"INSTRUCTION NO. ____

If you find and believe from the evidence beyond a reasonable doubt that on or about March 25, 1984, in the County of Barry, State of Missouri, the Defendant was being held in confinement after arrest for Stealing, and escaped from confinement, then you will find the Defendant guilty of escape from confinement.

However, if you find and believe from the evidence that the Defendant was being held in confinement after arrest and *that he was temporarily permitted to go at large without guard* and thereafter failed to return to confinement, you must find the Defendant not guilty of escape from confinement." (Emphasis added.)

The first paragraph of the refused instruction is part of MAI–CR 29.74 which submits the crime of escape from confinement. § 575.210. That paragraph was included in the state's verdict-director. Defendant's real complaint is that the trial court failed to give the second paragraph of the refused instruction.

The italicized portion of the second paragraph of the refused instruction is based on language contained in § 575.220.1 which defines the distinct offense of failure to return to confinement. Section 575.220.1 reads:

"A person commits the crime of failure to return to confinement if, while serving a sentence for any crime under a work-release program, or while under sentence of any crime to serve a term of confinement which is not continuous, or while serving any other type of sentence for any crime *wherein he is temporarily permitted to go at large without guard,* he purposely fails to return to confinement when he is required to do so."

A sufficient answer to defendant's position is that there was no evidence that, on the date of the escape, defendant was "temporarily permitted to go at large without guard."

Jailer Leslie Bowling, a state's witness, testified that on March 25, 1984, "[Defendant] did not have permission to go anywhere outside the jail that day." Sheriff Jim Hopkins, a state's witness, testified that although defendant had been a trustee previously, he was convicted on March 15, 1984, of stealing and after that date he was no longer a trustee. "I had my chief deputy put a bulletin on the board for the dispatchers that [defendant] was to be locked up and must remain locked up."

Defendant put on two witnesses, Galen Easley and John Hardin, both deputy sheriffs. Easley testified that on the date of

---

1. All references to statutes are to RSMo 1978, V.A.M.S.

the instant offense "Peters was no longer a trustee." Easley was not at the jail on the day of the escape, nor was Hardin. Although Hardin testified that there had been occasions when defendant was permitted to leave the jail, he also said, "those all occurred before March 14 or March 15."

The trial court properly refused to give the instruction because there was no evidence to support the italicized portion of the second paragraph.

Although defendant makes the additional claim that the evidence is insufficient to support the verdict, that claim is based solely on the invalid assumption that on the day of the offense defendant "was temporarily permitted to go at large without guard." There was no such evidence.

The judgment is affirmed.

TITUS, P.J., and GREENE, J., concur.