STATE of Missouri, Plaintiff–Respondent,

v.

Clinton Eugene WOODROME, Defendant–Appellant.

No. 15346.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 7, 1988.

Application to Transfer Denied Oct. 18, 1988.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gregg T. Hyder, Columbia, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of the class D felony of escape from confinement. See § 575.210, RSMo 1986. He was sentenced to five years' imprisonment, consecutive to the term that he was serving. Defendant appeals.

Prior to November 25, 1986, defendant was serving sentences in the Missouri Department of Correction for stealing imposed by two circuit courts. On November 25, 1986, he was transferred to the St. Clair County Jail for a court appearance. He remained housed in the St. Clair County Jail until December 8, 1986. There he had been treated as a "trustee" by the St. Clair County Sheriff's Department.

On the morning of December 8, 1986, a deputy took defendant to help him repair a tractor. The deputy said that defendant "was returned to his trustee status at the jail" at about 4:00 p.m. that day. The deputy last saw defendant at approximately 7:25 p.m. Defendant did not have permission to leave the jail that evening.

Tiffaney Delaney testified that sometime around 7:00 or 7:30 that evening defendant came to her house saying he needed a ride to go "north of Lowry City." She agreed to drive him there. He left Ms. Delaney in Warrensburg where he was met by a person in a different vehicle. Defendant was subsequently arrested "about thirty-two days later," apparently in Jackson County.

■ Defendant's brief raises nine points relied on. Four of those points relate to the sufficiency of the evidence. The facts set out above establish that those contentions have no merit. Cf. *State v. Peters*, 713 S.W.2d 856 (Mo.App.1986).

One of defendant's remaining points claims error in the trial court not granting a continuance. A motion for a continuance in a criminal proceeding is committed to the trial court's discretion, and a reviewing court will only interfere upon a showing of an abuse of discretion. *State v. Wade*, 711 S.W.2d 523, 531 (Mo.App.1986). There was no abuse of discretion.

■ Appellant argues that the jury panel was prejudiced by comments of a panel member. Ordering a mistrial is drastic and should be done only in circumstances where no other action would remove the prejudice claimed. *State v. Eidson*, 701 S.W.2d 549, 553 (Mo.App.1985). Determination of whether the entire panel is tainted by a statement of a panel member is in the trial court's discretion. Id. There was no abuse of discretion there.

Defendant complains of the submission instruction because it required a finding that "defendant was serving a sentence in St. Clair County Jail". He states that this instruction is erroneous because "the evidence clearly shows that the Defendant was serving a sentence in the Missouri Department of Corrections, and not in the St. Clair County Jail". Defendant was admittedly serving a sentence and he was supposed to be in the St. Clair County Jail. This point has no merit.

■ Defendant's remaining points are based on the contention that the section under which defendant was charged provided that escape from confinement is a class A misdemeanor except when effected by means of a deadly weapon, dangerous instrument, by holding any person as hostage, where facilitated by striking or beat-

ing any person, or when serving a felony sentence. That was true of § 575.210, RSMo 1978 (repealed).

Defendant, however, was charged and convicted under § 575.210, RSMo 1986, in effect at the time he left the jail. It makes escape or attempted escape a class D felony, except that it is a class A felony if effected or attempted by means of a deadly weapon or dangerous instrument or by holding any person hostage. Defendant was properly convicted of a class D felony. His last two points are based upon an improper premise and have no merit.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.