Randel Lee CHEEK, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16147.

Missouri Court of Appeals, Southern District, Division One.

Sept. 7, 1989.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

On July 29, 1987, movant Randel Lee Cheek was sentenced for having committed seven felonies. The crimes of which he was convicted, and punishment for each, were as follows: two counts of first degree robbery, § 569.020,[1] twenty-five years each; two counts of kidnapping, § 565.110, fifteen years each; two counts of armed criminal action, § 571.015.1, twenty-five years each; and one count of first degree assault, § 565.050, twenty-five years. All sentences were to run concurrently. The conviction was affirmed on appeal. *State v. Cheek*, 760 S.W.2d 162 (Mo.App.1988). This court issued its mandate on November 30, 1988.

On December 5, 1988, movant filed his pro se motion for post-conviction relief. On the following day an order was entered directing the parties to appear on January 5, 1989, to show cause why the motion should not be dismissed. On that day movant's attorney filed a hand-written letter from movant. It was unsworn and did not purport to be a part of the pleadings. In it movant recounts a letter dated November 23, 1987, which he claims he received from his attorney in the underlying case. According to movant, the letter from his attorney read as follows:

> If your case is affirmed then I'll file post-appeal motions. If those are turned down, which I think they will be, then

you get all the transcripts and legal file. You can file a rule 27:26 [sic] motion saying that your sentence was unconstitutional and that I was ineffective. Once you file your 27.26 the Court will appoint you an attorney. That would be the Conflicts Public Defender. It would be up to you to get a reversal under that action.

The court found movant's failure to file a motion on or before June 30, 1988, constituted a complete waiver of his right to relief under Rule 29.15(m).[2] The post-conviction motion was dismissed.

■ On appeal movant claims the time limits of Rule 29.15(m) are a violation of his rights to due process, equal protection of the laws, and habeas corpus. Rule 29.-15(m) provides in part:

> If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15.

The time limits of Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

The status of movant's letter, which is part of the legal file, is unclear. The letter is not part of any pleading. If the letter is evidence, the trial court was certainly free to disbelieve the facts asserted in the letter. The contents of the letter which movant claims to have received from his attorney are plausible. The procedure suggested in the letter accurately described that found in Rule 27.26 which was in effect in 1987. Rule 29.15 and its time limitations became effective January 1, 1988. At the same time, former Rule 27.26 was repealed.

■ Assuming, without deciding, that movant understood his lawyer's letter to say movant could wait until the conviction was affirmed on appeal to seek post-conviction relief, that is no basis for excusing noncompliance with the time limits. Mov-

---

1. References to statutes are to RSMo 1986.

2. References to Rule 29.15 are to Missouri Rules of Court (20th ed. 1989). References to Rule 27.26 are to Missouri Rules of Court (18th ed. 1987).

ant's ignorance of the repeal of the former rule and enactment of the new rule is merely an assertion that he had a lack of legal knowledge. Ignorance of the law has repeatedly been held to be no excuse for failure to timely assert claims for post-conviction relief. *Grant v. State*, 486 S.W.2d 641, 643 (Mo.1972); *Sales v. State*, 772 S.W.2d 739, 741–42 (Mo.App.1989); *Wright v. State*, 614 S.W.2d 325, 327 (Mo.App. 1981). Even though the rule came into effect between the date of movant's sentencing and the disposition of his appeal, the mandatory time constraints of Rule 29.15 do not violate his rights to due process or equal protection of the law. *Belk v. State*, 772 S.W.2d 26 (Mo.App.1989); *Rogers v. State*, 772 S.W.2d 16 (Mo.App. 1989).

Movant also claims the time limits amount to a suspension of his right to habeas corpus. The extent to which movant's right to a writ of habeas corpus hinges on the outcome of this proceeding is not before this court. There was no pleading before the trial court seeking a writ of habeas corpus. Even if the motion for relief under Rule 29.15 is treated as a petition for writ of habeas corpus, the court of appeals has no jurisdiction to reverse the trial court's denial of such writ. No appeal lies from a decision in a writ of habeas corpus proceeding. *Miller v. State*, 615 S.W.2d 98 (Mo.App.1981). Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.