**Clinton E. WOODROME,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16353.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 1990.

William J. Stewart, Bolivar, for movant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

On July 14, 1987, a jury found appellant Clinton E. Woodrome (hereinafter defen-

dant) guilty of escape from confinement in violation of § 575.210, RSMo 1986, and assessed his punishment at imprisonment for a term of 5 years, to be served consecutive to the term the defendant was serving. On appeal, defendant's conviction was affirmed. *State v. Woodrome*, 758 S.W.2d 136 (Mo.App.1988).

On November 16, 1988, defendant filed a pro se motion for postconviction relief pursuant to Rule 29.15. The burden of defendant's motion was that he was denied the effective assistance of counsel upon the trial of his case in 1987. The 29.15 motion was accompanied by a "Motion for Waiver of Deadline." The substance of this motion was that the defendant had not intentionally bypassed the remedy afforded him by Rule 29.15 and the time limited for filing such motions in cases wherein sentence was pronounced prior to January 1, 1988, should be waived. On November 17, 1988, the motion court denied the motion for waiver of deadline and dismissed the motion for postconviction relief on the ground that it was untimely filed.

On November 29, 1988, defendant filed a petition for a writ of habeas corpus in the Circuit Court of St. Clair County, seeking the same relief he sought in his postconviction motion, specifically, vacation of his sentence because he had been denied the effective assistance of counsel at his trial. On December 12, 1988, defendant filed a third pleading, styled a "Writ of Error Coram Nobis" seeking relief from his conviction on substantially the same grounds as those averred in his other two motions.

On December 14, 1988, the motion court entered an order withdrawing its order dismissing the cause. It was ordered that the case be reinstated; that the Public Defender be appointed to represent the defendant and that copies of all pleadings and orders be transmitted to the Public Defender and to the Prosecuting Attorney of St. Clair County. The appellant was granted 30 days to file an amended motion. On February 22, 1989, the Prosecuting Attorney moved to dismiss the motion for relief pursuant to Rule 29.15 on the ground that it had been untimely filed. The State further

moved to dismiss the petition for a writ of habeas corpus on the ground that the appellant was not in custody in St. Clair County. The State moved to dismiss the "Writ of Error Coram Nobis" on the ground that such writs have been abolished by the promulgation of present Rule 74.06, and if the motion be treated as a motion made pursuant to Rule 74.06, it was untimely filed. On April 3, 1989, all matters before the court were argued and taken under advisement.

On April 12, 1989, the trial court filed findings of fact and conclusions of law, the substance of which were that the motion for postconviction relief was untimely because sentence was pronounced before January 1, 1988, and the motion was not filed by June 30, 1988, as required by Rule 29.-15(m). The court also denied the defendant's motion for waiver of deadline, suggesting that it had no jurisdiction to extend the time limited in Rule 29.15(m).

The petition for a writ of habeas corpus was denied on the ground that it was stipulated that the defendant was not in custody in St. Clair County on November 29, 1988, (the date of filing the petition for the writ) or at any time since.

As to the defendant's "Writ of Error Coram Nobis," the motion court noted that the defendant sought essentially the same relief as he sought in his 29.15 motion. The court concluded that the exclusive remedy for the errors asserted was a 29.15 motion and noted that writs of error had been abolished by the promulgation of Rule 74.06. The court dismissed the defendant's application for a writ of error coram nobis.

In this court, the defendant's sole point is that the motion court "was clearly erroneous in denying appellant's motion to vacate, set aside, and correct his conviction and sentence because the appellant was denied his right to [an] evidentiary hearing denied because of [the] alleged time limit in Rule 29.15 of June 30, 1989 [sic] which prejudiced the appellant."

■ The defendant has briefed no point specifically directed to the motion court's dismissal of his petition for a writ of habeas corpus or its denial of his application or

petition for a writ of error coram nobis. We do not address questions not properly briefed in civil cases, Rule 84.13(a), and therefore we do not consider the propriety of the motion court's denial of defendant's application or motion for a "Writ of Error Coram Nobis." Of course, no appeal lies from the motion court's denial of a writ of habeas corpus. *Cheek v. State,* 776 S.W.2d 66, 67 (Mo.App.1989).

The defendant argues that the time limited for filing a 29.15 motion by the provisions of Rule 29.15(m) do not apply to him because, shortly after he was taken in custody by the Department of Corrections, he was remanded to the custody of Jackson County, Missouri, where he remained for about a year. He also asserts that he was ignorant of the limitations imposed by Rule 29.15(m), but emphasizes that it is clear that the time limit imposed by Rule 29.-15(m) is predicated upon the premise that a convicted defendant is in custody of the Department of Corrections.

■ We cannot agree with either argument advanced by the defendant. His ignorance of the repeal of former Rule 27.26 and the promulgation of Rule 29.15 does not excuse his failure to timely assert his claim, *Cheek v. State,* 776 S.W.2d at 68, and we do not believe the time limitation imposed by Rule 29.15 was tolled or avoided by delivery of the defendant to the custody of Jackson County.

Former Rule 27.26 provided that a motion for postconviction relief could be filed by "[a] prisoner in custody under sentence." Rules 24.035 and 29.15, which replaced Rule 27.26, abandon that formulation. Rule 24.035 provides that convicted defendants who seek to attack a plea of guilty may do so only if they are "convicted of a felony ... and delivered to the custody of the department of corrections." Rule 24.035(a). Relief under Rule 29.15, by contrast, is available if the movant has been "convicted of a felony." There is no requirement that a person be in Missouri custody, much less in custody of the Department of Corrections in order to institute proceedings under Rule 29.15. *Malone v. State,* 747 S.W.2d 695, 700–01[7]

(Mo.App.1988), and see J. Morris, Postconviction Practice under the "New 27.26," 43 J.Mo.Bar 435, 437 (1987). The defendant's temporary transfer to the custody of Jackson County did not toll the period of limitation for filing a 29.15 motion.

In *Day v. State,* 770 S.W.2d 692, 695 (Mo.banc 1989), cert. denied, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), our Supreme Court held that the time limitations contained in Rules 24.035 and 29.15 are both reasonable and mandatory. By reason of procedural default, the defendant has waived his right to relief under the provisions of Rule 29.15, the motion court properly dismissed his motion for postconviction relief, and the order appealed from is in all respects affirmed.

FLANIGAN, P.J., and MAUS, J., concur.