William J. FINCHER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42787.

Missouri Court of Appeals,
Western District.

July 17, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1990.

J. Bryan Allee, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Movant, William J. Fincher, appeals the denial of his Rule 29.15 motion without an evidentiary hearing. The movant alleges that his claims of ineffective assistance of counsel entitle him to relief.

After trial by jury on May 21, 1981, movant was found guilty of murder in the second degree, in violation of Mo.Rev.Stat. § 565.004 (Repealed 1984). On July 31, 1981, movant was sentenced to twenty-five years imprisonment, to run consecutively with a sentence for armed robbery movant was serving in the state of Kansas. This Court affirmed the movant's conviction and sentence on direct appeal. *State v. Fincher*, 655 S.W.2d 54 (Mo.App.1983).

Movant remained incarcerated in a Kansas correctional institution from August 10, 1981, to May 5, 1989, at which time he was delivered to the custody of the Missouri Department of Corrections. The movant filed his *pro se* post-conviction 29.15 motion on June 27, 1989. The state filed a motion to dismiss on July 11, 1989, alleging that pursuant to Rule 29.15, movant's petition for post-conviction relief was not timely filed. On November 21, 1989, the motion court entered an order sustaining the state's motion to dismiss, and on December 7, 1989, entered an amended order, dismissing movant's motion without hearing or argument as a matter of law.

▆ Rules 29.15 and 24.035, effective January 1, 1988, replaced Rule 27.26. In a major departure from the previous rule, both Rule 29.15 and 24.035 included time limitations for the filing of claims. These time limitations are valid, reasonable, and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141. Rule 29.15(m) reads in pertinent part:

Schedule. This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15. If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed.

Movant contends that the time limitations for filing a 29.15 motion under subsection (m) do not apply because he was not in actual custody in Missouri. We disagree.

Under the language of repealed Rule 27.26, a remedy for post-conviction relief was provided for "[a] person in custody under sentence...." In *Lalla v. State*, 463 S.W.2d 797, 801 (Mo.1971), the Missouri Supreme Court held that the term "in custody under sentence" as used in Rule 27.26 meant actual custody in Missouri under Missouri sentence. Therefore, under *Lalla*, a 27.26 motion could not be brought until the movant was in actual custody in Missouri.

▆ Rule 29.15 abandoned [1] the language of Rule 27.26 and in its stead stated:

(a) Nature of Remedy—Rules of Civil Procedure Apply. A person *convicted of a felony* after trial claiming that the conviction or sentence imposed violate the constitution and laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to provisions of this Rule 29.15.

---

**1.** Rule 24.035(a), post-conviction remedy on a plea of guilty, provides that the remedy exists for "[a] person convicted of a felony and delivered to the custody of the department of corrections...."

(emphasis added). As recognized by our brethren in both the eastern and southern districts, there is no requirement under 29.-15(a) that a person be in Missouri custody or specifically in the custody of the Department of Corrections. Thus the movant's incarceration in Kansas did not toll the period in which he was required to file his 29.15 motion. *See Woodrome v. State*, 788 S.W.2d 544, 546 (Mo.App.1990); *Malone v. State*, 747 S.W.2d 695, 700 (Mo.App.1988). Bound by the holding in *Day*, we find that movant's failure to file his 29.15 motion on or before June 30, 1988, constituted a complete waiver of this remedy.

■ Movant argues that his motion was timely filed pursuant to 29.15(b) which provides in part:

A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. *If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.*

(emphasis added). Movant's reliance on 29.15(b) is misplaced. A plain reading of the language of the subsection indicates that the ninety day provision applies only if no appeal is taken. Movant previously appealed his conviction, rendering this provision inapplicable.[2]

■ Finally, movant alleges that as he was not notified of the change of law regarding post-conviction remedy, he was denied due process. This argument is without merit. "Ignorance of the law has repeatedly been held to be no excuse for failure to timely assert claims for post-conviction relief." *Cheek v. State*, 776 S.W.2d

66, 68 (Mo.App.1989); *e.g., Woodrome v. State*, 788 S.W.2d at 546. Further, while movant recognizes that a person is presumed to know the law of the state in which he resides, *Thies v. St. Louis County*, 402 S.W.2d 376, 380 (Mo.1966), he argues that he resided in Kansas for the eight years prior to his transfer to Missouri, due to his incarceration in a Kansas state correctional institution, thus rebutting the presumption. This contention fails because a person's domicile does not change by involuntary confinement in a prison or penitentiary. *State ex rel. Henderson v. Blaeuer*, 723 S.W.2d 589, 590 (Mo.App.1987); *see also* 28 C.J.S. *Domicile* § 12(7) (Cumm.Supp.1989). The record reflects that movant was a resident of Cass County, Missouri prior to his incarceration in Kansas. Thus, movant not only had a vested interest in the post-conviction remedy laws of the state of Missouri, but as a resident of this state, is presumed to know the law and its susceptibility to change. We therefore find that as movant had constructive notice of Rule 29.15, *see, Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 613 (Mo.1964); 31A C.J.S. *Evidence* §§ 132(1), (2) (Cumm.Supp.1989), no violation of movant's due process occurred.

For the aforementioned reasons, this Court finds that movant waived his right to relief under Rule 29.15 due to procedural default, and that the motion court properly dismissed movant's Rule 29.15 motion. The order appealed from is affirmed.

All concur.

---

2. This Court recognizes, as did the eastern district in *Self v. State*, 774 S.W.2d 576, 578 (Mo. App.1989), that the language of 29.15(a) and (b), indirectly creates an ambiguity regarding the continued application of the actual custody requirement established in *Lalla*. As 29.15(b) is not applicable to the case at bar, we shall not address this issue. However, in light of our state Supreme Court's holding in *Day v. State,* we believe that any perceived ambiguity should be addressed by that court.