Stoney Bob REECE, Appellant,

v.

STATE of Missouri, Respondent.

No. 18227.

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 1993.

---

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Stoney Bob Reece (Movant) appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On November 7, 1991, Movant pleaded guilty to a charge of assault in the second degree, in violation of § 565.060, RSMo 1986, a class C felony. He was sentenced to a term of five years. The charge arose when Movant drove a motor vehicle while intoxicated and, with criminal negligence, struck another vehicle causing injury to the occupant.

Movant's Rule 24.035 motion, as amended by postconviction relief counsel, included as grounds for relief a challenge to the voluntariness of his plea because his trial counsel "[d]id not advise Movant that the release signed for victims insurance was an affidavit of non insurance, and not a release of civil liability."

The motion court entered findings of fact and conclusions of law which resulted in a denial of Movant's motion and request for hearing. The motion court found that Movant's allegation did not state grounds for relief.

This court's review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j).... Further, since movant pleaded guilty to the underlying criminal charges, "[a]ny claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App.1990).

*Edmonds v. State*, 819 S.W.2d 90, 91 (Mo. App.1991).

■ Movant's sole point on appeal asserts the action of the motion court was erroneous because his amended motion alleged facts not refuted by the record entitling him to an evidentiary hearing. He states his plea of guilty was not made knowingly and voluntarily because it was entered on the mistaken belief the victim would not file a civil action against him and had he known otherwise, he would not have entered such plea.

■ This claim of error fails for at least two reasons. First, counsel does not have a duty to inform a defendant of all the collateral consequences of his guilty plea. *Clark v. State*, 736 S.W.2d 483, 484 (Mo.App.1987). The distinction between "direct" versus "collateral" consequences of a guilty plea is illuminated in *State v. Hasnan*, 806 S.W.2d 54, 55–6 (Mo.App. 1991). There, the Court held deportation

proceedings were a collateral result of a guilty plea. The possibility of a civil action after a guilty plea is a collateral consequence under the rationale of *Hasnan*.

■ Secondly, regardless of the collateral consequence aspect of Movant's guilty plea, his point has no merit. At his guilty plea hearing, Movant acknowledged his plea was entered without the benefit of any plea bargain, that no one had promised him anything to cause his plea of guilty and he had no complaint nor criticism of his attorney's services. He indicated no one had threatened or intimidated him to cause his plea of guilty, and his plea was made freely and voluntarily. The court accepted Movant's plea finding that Movant understood the nature of the charges against him, that he understood the consequences of entering his plea and his plea was entered freely and voluntarily.

At Movant's sentencing, his trial counsel made the following statement to the court:

> Stoney is ready and willing to face up to what he has done, and for that reason, Judge, we're not going to ask the Court for probation. Since the accident Stoney has cooperated with helping the [victim] with [her] uninsured-motorist claim, in that he signed an affidavit stating that he had no insurance so that [she] could proceed with [her] own insurance carrier.

■ Movant is entitled to an evidentiary hearing only if (1) he alleges facts, not conclusions, which if true would warrant relief; (2) the allegations of fact are not refuted by the record; and (3) the matters complained of resulted in prejudice to him. *Recklein v. State*, 813 S.W.2d 67, 70 (Mo. App.1991).

Movant's assertion is refuted by the record of his guilty plea and sentencing hearing. The record is clear that Movant assured the court at his guilty plea hearing that no one had promised him anything. At his sentencing hearing, Movant heard his trial counsel explain his cooperation with the victim in that he signed an affidavit stating he had no insurance (as opposed

to a release). Thus, the record shows Movant entered his plea with no promise of immunity from civil suit.

Accordingly, the motion court's findings and conclusions on this issue are supported by the record and not clearly erroneous. Rule 24.035(j).

We affirm.

FLANIGAN and PREWITT, JJ., concur.