Joe JACKSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47882.

Missouri Court of Appeals,
Western District.

April 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1994.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and KENNEDY and ELLIS, JJ.

PER CURIAM.

Joe Jackson appeals the denial of his Rule 29.15 postconviction motion without an evidentiary hearing. However, the motion court failed to recognize the untimeliness of that motion and improvidently entertained its merits.

We vacate the judgment and remand the cause for dismissal.

Jackson was convicted of second degree murder after a jury trial and sentenced to life imprisonment in 1984. His conviction and sentence were affirmed in *State v. Jackson*, 693 S.W.2d 168 (Mo.App.1985). After first serving a prison sentence in Kansas, Jackson was transferred to Missouri custody on August 9, 1991, to begin his life sentence. He filed his pro se Rule 29.15 motion on October 23, 1991.

The fact that Jackson first served a Kansas sentence may have caused confusion about the timeliness of his Rule 29.15 motion. Nevertheless, Rule 29.15(a) contains no requirement that a person be in Missouri custody to institute postconviction proceedings. *Fincher v. State*, 795 S.W.2d 505, 507 (Mo. App.1990). Because Jackson was sentenced before 1988, he was required to comply with Rule 29.15(m) by filing his motion by June 30, 1988. *Id.* at 506. Jackson cannot rely on Rule 29.15(b). The time provision of Rule 29.15(b) that requires filing ninety days after delivery to custody applies only to persons who do not appeal their convictions. *Id.* at 507. By filing his motion after the Rule 29.15(m) deadline, Jackson waived any right to proceed under the rule. *Wiley v. State*, 823 S.W.2d 146, 147 (Mo.App.1992).

Jackson attacks the constitutionality of the postconviction time limitations. He claims due process violations from the lack of provisions for late filing upon showing good cause. However, the same attacks have been

repeatedly rejected. The time requirements of Rule 29.15, being valid, mandatory and reasonable, serve the legitimate end of avoiding delay in processing postconviction claims. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141, (1989). Because the postconviction filing deadlines are reasonable, they do not infringe upon Jackson's due process rights. See *Bullard v. State,* 853 S.W.2d 921, 923 (Mo. banc), *cert. denied,* — U.S. —, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993).

We accordingly vacate the judgment and remand the cause for dismissal. *State v. Bradshaw,* 867 S.W.2d 309, 311 (Mo.App. 1993).

All concur.