**STATE of Missouri ex rel. Jeremiah W. (Jay) NIXON, Attorney General, Relator,**

v.

**The Honorable Thomas C. CLARK, Circuit Judge, Jackson County and Jaci Morgan, Court Administrator, Jackson County, Respondents.**

**Nos. WD 51817.**

Missouri Court of Appeals, Western District.

April 9, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1996.

Application to Transfer Denied Aug. 20, 1996.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for relator.

James R. Wyrsch, Marilyn Keller, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

LOWENSTEIN, Judge.

The relator, Missouri Attorney General Jay Nixon, brings a writ of certiorari to this court seeking relief from an adverse ruling in an underlying habeas corpus action. Since there is no appeal from the granting of a habeas petition, *Bebee v. State,* 619 S.W.2d 363 (Mo.App.1981), certiorari is the proper remedy for appellate review. *Hernreich v. Quinn,* 350 Mo. 770, 168 S.W.2d 1054, 1059 (banc 1943). Certiorari brings up the record, and searches for infirmities in jurisdiction and is concerned with questions of law. *Id.* This court entered a preliminary order in certiorari, and today makes the order absolute.

The facts here are somewhat unusual. Ezio D'Angelo is a resident alien. On May 18, 1992, he entered a plea of guilty in Jackson County to the sale of a controlled substance, a felony. D'Angelo served time in the Department of Corrections, where he was visited by the Immigration and Naturalization Service in July 1992, and was told his status was changed and he could expect deportation. On June 17, 1994, D'Angelo was paroled until May, 1997. In April, 1995, D'Angelo filed a writ of habeas corpus in Jackson County to negate his conviction on the basis of his plea counsel being ineffective. His petition for a habeas writ named as the respondent Cranston Mitchell, the state director of Probation and Parole, located in Jefferson City. The attorney general entered the suit and, while agreeing Mitchell was the proper party to be named as D'Angelo's "custodian" for habeas purposes, said because Mitchell was a state official, venue was improper in Jackson County and proper only in Cole County. The other facet of repelling the motion was, in essence, that D'Angelo had failed to pursue a postconviction remedy under Rule 24.035, and could not now disguise such an inquiry into counsel's representation under the writ format. The state further countered that D'Angelo's grounds for establishing ineffective assistance of plea counsel were without merit.

D'Angelo was allowed by the circuit court to proceed in habeas to set aside his 1992 conviction. (His petition also sought to set aside a 1987 conviction for carrying a concealed weapon, which also drew the Immigration Service's attention. The court did not allow relief on the 1987 judgment which will not be again mentioned). The habeas petition alleged D'Angelo would not have plead guilty had he known the conviction would cause him to be deported—and, had he been advised, "he would have gone to trial in an effort to obtain an acquittal," and the failure of counsel to advise, "rises to the level of ineffective assistance" and made his plea involuntary and uninformed under *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). As further grounds for relief, his petition for writ brought out that D'Angelo's attorney was romantically involved with D'Angelo's sister, and his sister broke off the relationship just before the plea. D'Angelo claimed the attorney lost interest in the case and talked him into a plea with the promise of a 120 day call back (the accused would plead, serve 120 days incarceration and then be called back to receive parole), a promise which turned out to be false.

The evidence on the petition was heard in Jackson County over the previously stated objections for lack of jurisdiction. D'Angelo's evidence followed his petition. D'Angelo testified he never filed for post conviction relief because he expected to be called back in 120 days. There was no evidence of the 120 day call back arrangement in the guilty plea record. The court issued an order stating for good cause it was discharging D'Angelo on the 1992 conviction and sentence.

■ On the issue of jurisdiction of the Jackson County Circuit Court, D'Angelo argues he is in custody in Jackson County as this is where he and his parole office are located. Rule 91.07 requires habeas petitions to be directed against the person having custody of the person being restrained. Rule 91.02(a) states the petition shall be to a circuit for the county where the person is held in custody. *See O—— H—— v. French*, 504 S.W.2d 269, 271 (Mo.App.1973). D'Angelo, being on parole when his habeas petition was filed, was in custody for the purposes of being allowed to seek relief. *Nicholson v. State*, 524 S.W.2d 106, 109—11 (Mo. banc 1975). (The person's liberty is restricted, and although not in jail, there are impositions and conditions to keep the person in custody of the state parole board). The problem is that he has made Mitchell the respondent, and as such under *State ex. rel. Spradling v. Bondurant*, 501 S.W.2d 527, 529 (Mo.App.1973), ". . . venue of actions against state executive department heads would only lie in the county where their offices are located and their principal official duties are performed." Though Rule 91.06 grants a court of record or a judge, even without presentment of a petition to grant habeas relief to a "person ... illegally ... restrained of liberty within the jurisdiction of such court or judge," the court here did not rely on this rule for jurisdiction. D'Angelo,

having chosen to direct the writ at the head of the state parole board, was stuck having the case filed in Cole County. *See State ex. rel. Simmons v. White,* 866 S.W.2d 443, 447 (Mo. banc 1993). This ruling does not affect what the outcome would have been, based on the facts presented.

 It should first be noted that the failure to raise the present points on appeal or pursuant to Rule 24.035 precludes habeas corpus unless D'Angelo raises jurisdictional issues, or an issue of manifest injustice resulting from rare and extraordinary circumstances and warranting the relief requested. *Id.* at 444. Habeas is not to supplant claims to the validity of a conviction that should have been brought under Rule 24.035, and will not serve to find review for duplicative and unending challenge to the finality of a judgment, unless the "circumstances below rise to a level of manifest injustice that excuses ... failure to raise them ... by Rule 24.035." *Id.* at 446.

Addressing the merits of this claim, *State v. Hasnan,* 806 S.W.2d 54 (Mo.App. 1991), is squarely on point on the underlying facts. Hasnan, an alien, pled guilty to two bad check charges. "Upon discovering the possibility of deportation proceedings, appellant filed a motion ... to set aside his guilty pleas." *Id.* at 55. The court quoted the law that no Missouri ruling requires that the defendant be instructed by the court or counsel in the collateral consequences of his guilty plea in order for the plea to "stick". *Id.; Clark v. State,* 736 S.W.2d 483, 484 (Mo.App. 1987); *McIntosh v. State,* 627 S.W.2d 652, 655 (Mo.App.1981). "Federal case law uniformly holds that deportation proceedings are a collateral result of a guilty plea and as such, need not be disclosed to a criminal defendant entering a plea of guilty." 806 S.W.2d at 56. Later deportation proceedings are a "collateral result of a guilty plea." *Reece v. State,* 852 S.W.2d 877, 878—79 (Mo. App.1993). Absent the most unusual or exceptional circumstances, failure of a lawyer to advise on a collateral matter will never rise to the level of constitutionally ineffective assistance of counsel. *State v. Abernathy,* 764 S.W.2d 514, 516 (Mo.App.1989).

D'Angelo's assertions of waiting to see if he would get the 120 callback as an excuse for not timely filing for post conviction remedy, are answered against his contention in *State ex. rel. Simmons v. White,* at 445.

D'Angelo's and his sister's testimony about romantic involvement of plea counsel and the sister led nowhere in establishing the showing of a manifest injustice and entitlement to the limited availability of habeas relief.

The trial court did not have jurisdiction to hear the case, and the requirements of proof under *State ex. rel. Simmons v. White* did not justify the granting of habeas corpus. The judgment of the trial court is reversed by making this writ absolute.

All concur.