**Larry TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 23802.

Missouri Court of Appeals,
Southern District,
Division Two.

May 10, 2001.

Motion for Rehearing and Transfer Denied
June 1, 2001.

Application for Transfer Denied
Aug. 21, 2001.

Larry Taylor, Anderson, pro se.

Respondent's attorney: None.

BARNEY, Chief Judge.

Larry Taylor ("Appellant") appeals the dismissal of his petition for a writ of habeas corpus by the Circuit Court of McDonald County following a "motion to dismiss" filed by the State of Missouri ("Respondent").[1] In its order the trial court observed that Appellant had neither verified his petition for the writ, nor asserted sufficient facts supporting his contention that he was being restrained of his liberty or that such restraint was ille-

---

1. In his petition, Appellant "move[d] the state to release [Appellant] from existing unconstitutional supervision of the Missouri Department of Corrections, or in the alternative, to produce statutory authority for [Appellant's] restraint of liberties in the above style [sic] cause...." The petition recited that Appellant had been originally charged in McDonald county with "manufacturing marijuana by harvesting in Oct., 1984, a violation of Section 195.020, RSMo 1983." In answering, Respondent through the prosecuting attorney of McDonald county filed a "motion to dismiss" the petition for a writ of habeas corpus setting out that Appellant lacked standing to bring such an action because he was "not committed, detained, confined or otherwise restrained of his liberty." The "motion to dismiss" further set out that "[Appellant] writes in his pleadings that he is currently free on parole within this State." Appellant filed no reply to the "motion to dismiss."

gal. Appellant's brief is virtually devoid of recitals of any facts whatsoever. In his sole point relied on, Appellant maintains that the trial court violated a litany of United States and State of Missouri constitutional guarantees by dismissing his petition for writ of habeas corpus.

■■■ Before reviewing Appellant's point of trial court error, we observe that " '[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint.' " *State ex rel. Nixon v. Dierker*, 22 S.W.3d 787, 789 (Mo.App.2000)(quoting Rule 91.01, Missouri Court Rules 2000); *see also* § 532.010, RSMo 2000. Proceedings under Rule 91 "are limited 'to determining the facial validity of confinement' " on the basis of the entire record of the proceeding in question.[2] *Brown v. Gammon*, 947 S.W.2d 437, 440 (Mo.App. 1997) (quoting *State ex rel. Haley v. Groose*, 873 S.W.2d 221, 222 (Mo. banc 1994).) "Habeas corpus is also available in cases where there are circumstances so rare and exceptional that a manifest injustice would result in the absence of habeas corpus relief." *Id.; State ex rel. Hahn v. Stubblefield*, 996 S.W.2d 103, 108 (Mo.App. 1999). We also note that "[a] writ of habeas corpus, while a writ of right, is not a writ of course and properly issues only upon a showing of probable cause." *State v. Cerny*, 365 Mo. 732, 286 S.W.2d 804, 806 (1956). "The burden is on the petitioner to show that he is entitled to the writ and will be denied where the allegations are insufficient." *State ex rel. White v. Swink*, 241

Mo.App. 1048, 256 S.W.2d 825, 832 (1953). Indeed, Rule 91.04(a)(3) specifically "requires a petition for a writ of habeas corpus to include facts showing that the restraint is illegal or improper." *McKown v. Mitchell*, 869 S.W.2d 765, 767 (Mo.App. 1993).

■■■ In our review of Appellant's brief, we take cognizance of the fact that the brief violates several provisions of Rule 84.04. It fails to include a fair statement of the facts and an explanation in summary fashion, why, in the context of the case, Appellant's legal reasons support the claim of reversible error. *See* Rule 84.04(c); Rule 84.04(d)(A) and (C). A brief that does not comply with Rule 84.04 preserves nothing for appellate review. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App.1999).[3] Respondent has not filed a brief. While not prohibited, we do not approve of this practice. *See Sherrod v. Director of Revenue*, 937 S.W.2d 751, 752 (Mo.App.1997).

As best we can discern from our gratuitous review of the very sparse record, including Respondent's "motion to dismiss" which we denominate as an answer under Rule 91.09, we interpolate that Appellant is currently on some form of supervised parole and that a "Ms. Manire," of the probation and parole office in McDonald county, is his parole supervisor. In his writ, without a shred of explanation, Appellant seeks his release from what he terms an "unconstitutional supervision of the Missouri Department of Corrections."

---

**2.** Rule references are to Missouri Court Rules (2001), unless otherwise set out.

**3.** *"Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel." *Belisle v. City of Senath*, 974 S.W.2d 600, 601 (Mo.App.1998). While we recognize the problems faced by pro se liti-

gants, we cannot relax our standards for non lawyers. "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Kline v. Casey's General Stores, Inc.*, 998 S.W.2d 140, 141 (Mo. App.1999) (quoting *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo.App.1993)).

We need not dismiss Appellant's appeal on the basis of the recited procedural maladies. Based on the factual context of this case, we are unable to review the trial court's decision in this habeas corpus proceeding. *See Hutchinson v. Wesley,* 455 S.W.2d 21, 23 (Mo.App.1970). "No appeal lies from a decision in a writ of habeas corpus proceeding." *Cheek v. State,* 776 S.W.2d 66, 68 (Mo.App.1989); *Miller v. State,* 615 S.W.2d 98 (Mo.App. 1981); *see also Woodrome v. State,* 788 S.W.2d 544, 546 (Mo.App.1990); *State ex rel. Nixon v. Clark,* 926 S.W.2d 22, 23 (Mo.App.1996). "Certiorari is the proper remedy for appellate review." *Nixon,* 926 S.W.2d at 23.

Appellant's appeal is dismissed.

PREWITT and GARRISON, JJ., concur.