NO. 07-09-00022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 18, 2010

CARLOS MOLINA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY;

NO. C-1-CR-07-218743; HONORABLE DAVID CRAIN, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Carlos Molina, appeals his conviction for the offense of driving while intoxicated. We affirm.

Background

On September 14, 2007, Austin police officers were called out to investigate a suspicious vehicle in a cul-de-sac. When the police officers arrived, they observed appellant asleep behind the wheel of the vehicle. The keys were in the vehicle's ignition and the car and radio were both on. Appellant was also in a position in the vehicle that

he was able to reach the brake pedal.[1]  The police officers proceeded to wake up appellant and, after conducting field sobriety tests, arrested him for driving while intoxicated.

At trial, the issue of contention was the definition of "operating."  Both sides agreed that appellant was not observed driving the vehicle, but they disagreed on whether the evidence was sufficient to demonstrate that appellant "operated" the vehicle.  After listening to appellant's request for a directed verdict, the trial court submitted the issue to the jury who proceeded to find appellant guilty of the offense. Appellant appeals the sufficiency of the evidence.

## Legal Sufficiency

When an appellant challenges both the legal and factual sufficiency of the evidence, we are required to conduct an analysis of the legal sufficiency of the evidence first and, then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence.  See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  We review legal sufficiency by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).  The conviction will be sustained unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).  The fact finder is the sole judge of the credibility of the witnesses and of the weight to be afforded their testimony.  Barnes v. State, 876 S.W.2d

---

[1] A video was admitted during the trial that showed the vehicle's brake lights flickering on or off during the investigation of this case.

316, 321 (Tex.Crim.App. 1994). Reconciliation of conflicts and contradictions in the evidence is within the fact finder's province and is usually conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex.App.–El Paso 1996, pet. ref'd).

To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). The statute does not, however, define the term "operate." See Barton v. State, 882 S.W.2d 456, 459 (Tex.App.–Dallas 1994, no pet.). Operation of a motor vehicle is found when the totality of the circumstances demonstrates that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. See Denton v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995).

Reviewing the evidence in the light most favorable to the verdict, we conclude that the jury could have determine that the running vehicle, the flickering brake lights, and the activated radio were indications that appellant had taken actions that affected the functioning of the vehicle and, thus, was operating the vehicle prior to falling asleep. Therefore, we conclude that the jury could have rationally found the essential elements of the crime beyond a reasonable doubt. We overrule appellant's first issue.

## Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a

reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and circumstantial evidence alone can be sufficient to establish guilt. Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See Watson, 204 S.W.3d at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In this case, appellant argues that the State must show that appellant operated a motor vehicle by demonstrating that he took action to affect the functioning of his vehicle *in a manner that would enable the vehicle's use.* See Denton, 911 S.W.2d at 39. Appellant contends that this means that the court should have looked at whether appellant "exerted personal effort upon his vehicle . . . for its intended purpose." See Id. at 389. Appellant contends that there is no evidence that appellant exerted any effort to operate the vehicle for its intended purpose, i.e., for transportation. At most, appellant contends that appellant was in the car listening to the radio. Although we may agree with appellant that turning on the radio does not further the operation of the vehicle for its intended purpose, we do not agree with appellant's statement that turning the ignition key and running the motor did not facilitate the operation of the vehicle beyond mere

4

preparation. A vehicle's intended purpose is to provide transportation by mechanical means which entails the ignition of the vehicle's combustible engine. There simply is no middle ground in what constitutes the commission of an operating a vehicle while intoxicated offense. Any action would either not be more that mere preparation or it would fall within the broad definition of "operating a motor vehicle." Strong v. State, 87 S.W.3d 206, 215 (Tex.App.—Dallas 2002, pet. ref'd). Therefore, since any person intending to drive would first have to turn the key to start the car, we conclude that the fact that the key was turned and the engine was running could be interpreted by the jury as operating the vehicle. Though no one observed appellant start the vehicle, the fact that appellant was the only person in the vehicle, in the driver's seat, and able to operate the brake lights is circumstantial evidence that the jury could have used in determining the guilt of appellant. See Hooper, 214 S.W.3d at 14 (juries are permitted to make reasonable inferences from the evidence). Giving deference to the jury's determinations if supported by the evidence, we may not order a new trial even were we to disagree with the verdict. See Watson, 204 S.W.3d at 417. We conclude that there is no objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm.

Mackey K. Hancock
Justice

Do not publish.

5